1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9   CAMERON CLARK,

10              Petitioner,              No. CIV S-09-3057 FCD GGH P

11        vs.

12  D.K. SISTO, et al.,

13              Respondents.             FINDINGS AND RECOMMENDATIONS

14  _____/

15          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

16  corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed

17  November 3, 2009.  Petitioner challenges the 2007 decision of the California Board of Parole

18  Hearings (BPH) finding him unsuitable for parole.

19          Pending before the court is respondent's January 15, 2010, motion to dismiss on

20  grounds that this action is barred by the statute of limitations. After carefully considering the

21  record, the court recommends that respondent's motion be denied.

22          The statute of limitations for federal habeas corpus petitions is set forth in 28

23  U.S.C. § 2244(d)(1):

24              A 1-year period of limitation shall apply to an application for a writ
                of habeas corpus by a person in custody pursuant to the judgment
25              of a State court.  The limitation period shall run from the latest of

26              (A) the date on which the judgment became final by the conclusion

                                        1

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed. Id. at 1084. In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal. Id.

Since Redd, the administrative review process for parole suitability hearings has been eliminated. According to the transcript from the May 16, 2007, suitability hearing, the decision finding petitioner unsuitable became final on September 13, 2007. See Motion to Dismiss, Exhibit 1, part 3, p. 12 of 49. Accordingly, petitioner had one year from September 13, 2007, to file a timely federal petition. The instant action, filed November 3, 2009, is not timely unless petitioner is entitled to statutory or equitable tolling.

Respondent argues that the statute of limitations ran from the date of the hearing, i.e. May 16, 2007, rather than from the date it became final on September 13, 2007. The undersigned does not agree. "Under the rationale of Redd, petitioner could not have known the

1  factual predicate of his claim unless and until the decision becomes final.  See Redd v. McGrath,

2  343 F.3d at 1084 (statute of limitations begins to run when administrative decision becomes

3  final); see also Banks v. Kramer, 2009 WL 256449 *1 (E.D.Cal. 2009); Tidwell v. Marshall, 620

4  F.Supp.2d 1098, 2009 WL 1537960 (C.D.Cal. 2009); Feliciano v. Curry, 2009 WL 691220

5  (N.D.Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117 (S.D.Cal. 2009)."  Faatiliga v.

6  Hartley, CIV S-09-2039 LJO DLB P, 2010 WL 728552 at *3 (E.D. Cal. March 1, 2010).

7          Under AEDPA, the period of limitation is tolled while a "properly filed"

8  application for state post-conviction or other collateral review is pending. 28 U.S.C. §

9  2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the

10  petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the

11  statute of limitations in the intervals between a lower court decision and the filing of a petition in

12  a higher court during one complete round of appellate review ("interval tolling").  See Evans v.

13  Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006).

14          The Supreme Court has explained that in order for a state habeas petition to be

15  "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in

16  compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408,

17  413-14, 125 S.Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."

18  Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814.  "When a post-conviction petition is

19  untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414,

20  125 S.Ct. at 1812.  Under such circumstances, the petitioner is not entitled to statutory tolling.

21  Id. at 417, 125 S.Ct. at 1814.

22          On January 8, 2008, petitioner signed his first state habeas petition challenging the

23  2007 BPH decision which was later filed in the Los Angeles County Superior Court.  Motion to

24  Dismiss, exhibit 1, part 1, p. 3 of 84.[1]  On September 16, 2008, the Superior Court denied the

25

26      [1] Pursuant to the mailbox rule, the petition is filed when it is delivered to prison officials
for mailing.  Houston v. Lack, 487 U.S. 266, 276 (1988).  No proof of service is attached to this

1    petition. Id., Exhibit 2. On March 17, 2009, petitioner signed a petition for writ of habeas

2    corpus challenging the 2007 BPH decision which was later filed in the California Court of

3    Appeal. Motion to Dismiss, Exhibit 3. On April 9, 2009, the California Court of Appeal denied

4    the petition. Motion to Dismiss, Exhibit 4. On May 3, 2009, petitioner signed the petition he

5    later filed in the California Supreme Court. Motion to Dismiss, Exhibit 5. On October 14, 2009,

6    the California Supreme Court denied the petition. Motion to Dismiss, Exhibit 8.

7            Respondent argues that while petitioner is entitled to 252 days of tolling while his

8    petition was pending in the Superior Court, he is not entitled to interval tolling for the

9    approximately 6 month gap between the time the Superior Court denied the petition and when he

10   filed his petition in the California Court of Appeal.  The undersigned agrees. See Evans v.

11   Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006); see also Gaston v. Palmer, 447 F.3d

12   1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled to

13   "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and

14   10 months, given length of delays, lack of clear statement from California legislature or courts

15   that delays of such length were reasonable, and lack of explanation or justification for delays));

16   Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D.Cal. 2006)

17   (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and

18   the filing of the next petition constituted unreasonable delays such that the intervals cannot be

19   tolled under Chavis).

20           Adding the 252 days the petition was pending in Superior Court to September 13,

21   2008, would make the statute of limitations expire on May 23, 2009. Because petitioner filed his

22   petition in the California Court of Appeal before that date, he is entitled to statutory tolling from

23   the date he filed that petition on March 17, 2009, to the date the California Supreme Court denied

24   _____

25   petition or the other two petitions filed by petitioner in state court. For that reason, the court
     cannot determine the date these petitions were given to prison officials for mailing. However,
     because respondent has adopted the dates petitioner signed the petitions as the filing date, so will
26   the undersigned.

4

his petition on October 14, 2009, i.e. 211 days. In other words, petitioner is entitled to interval tolling for the time between when the California Court of Appeal denied his petition and when he filed his petition in the California Supreme Court because there was only an approximately one month gap. Adding 211 days to May 23, 2009, would make the statute of limitations run on December 20, 2009. The instant action, filed November 3, 2009, is timely. For that reason, the motion to dismiss should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (no. 13) be denied and respondent be ordered to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2010

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

cl3057.mtd

5